CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 0 1 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FRED LEWIS WILSON,

    Plaintiff,

v.

C/O J. HALL,

    Defendant.

Case No. 7:09CV00503

MEMORANDUM OPINION

By: Glen E. Conrad
United States District Judge

Plaintiff Fred Lewis Wilson has filed a motion for preliminary injunction, seeking a transfer away from Red Onion State Prison.[1] Upon review of the record, the court finds that the motion must be denied.

## Background

In support for his request for a preliminary injunction, Wilson alleges the following sequence of events. On February 7, 2010, at approximately 8:30 a.m., Correctional Officer Stallard "placed a crafted sharpened piece of metal in [Wilson's] cell from the destruction of state property from the control room" and then lied to prison officials in an attempt to have Wilson convicted of additional criminal charges. Stallard admitted to this act and stated that he was trying to "invalidate" Wilson's character because of pending civil actions Wilson has filed against prison officials.

On February 7, 2010 at approximately 8:40 a.m., Correctional Officer Everidge, when restraining Wilson through his tray slot, applied the handcuffs too tight, causing deep cuts and bruising to both wrists. When Wilson informed another officer, Sgt. Trapp, that Everidge was hurting him, the sergeant took no action.

---

[1] Wilson filed his motion in this case and in Case No. 7:08CV00638, which involves alleged constitutional violations at Wallens Ridge State Prison. Because the current motion challenges conditions at Red Onion, not at Wallens Ridge, the motion was dismissed without prejudice from Case No. 7:08CV00638 and will be addressed only in this case.

Based on these incidents, as well as the incidents of excessive force alleged in the original complaint and in his other pending civil action, Case No. 7:08CV00638, Wilson fears to leave his cell for a shower or to eat meals. He is pursuing criminal complaints in state court against Stallard and Everidge and intends to file a civil action against them as well.

## Discussion

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., ___ U.S. ___, 129 S. Ct. 365 (2008)). Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Id. at 347. Furthermore, the functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Accordingly, courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

Wilson fails to allege facts on which he is entitled to the relief he seeks: a preliminary injunction directing that he be transferred to another prison. Even taking the allegations in the light most favorable to Wilson, he fails to present facts demonstrating any likelihood that he will suffer irreparable harm in the absence of interlocutory relief.

First, nothing in the allegations against Stallard suggests that the officer planted the contraband in Wilson's cell in order to cause him any physical harm or presents any likelihood that Stallard would cause Wilson physical harm in the future. At the most, Stallard's actions caused authorities to bring additional charges against Wilson, and Wilson has been appointed counsel to assist him in defending against the charges.

Second, Wilson presents only his "feeling," but alleges no facts, to support his assertion that Everidge purposely applied the cuffs too tight on February 7, 2010 in order to support Stallard's effort to discredit Wilson. Nothing in the motion suggests that the two events were connected by anything more than coincidental occurrence on the same morning.

Third, Wilson's allegations of past instances where officers at Wallens Ridge used excessive force against him do not support a finding that he is in danger of suffering similar injuries at Red Onion. Even two instances in which the cuffs harmed his wrists at Red Onion is not sufficient evidence that all officers at the institution are purposely trying to harm him whenever they remove him from his cell. Indeed, it has yet to be determined whether any of these incidents, in fact, involved a use of force that violated Wilson's constitutional rights. As the allegations fail to suggest any significant likelihood that Wilson will suffer irreparable harm in the absence of a court-ordered transfer, the extraordinary relief he seeks is unwarranted. He may pursue his desire for a transfer through the ordinary procedures provided at the prison. An appropriate order will issue this day to deny the motion for preliminary injunction.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of March, 2010.

_____
United States District Judge